UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YENAURY REVI,

                          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

**OPINION AND ORDER**

16 Civ. 8521 (ER)

Ramos, D.J.:

       Yenaury Revi brings this action *pro se* pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. Before the Court is the Commissioner's unopposed motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On January 30, 2018, Magistrate Judge Debra Freeman issued a Report and Recommendation ("R&R"), recommending that the Commissioner's motion for judgment on the pleadings be denied and the case be remanded to the Commissioner for further proceedings. Doc. 15. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

**I.    Background**

       Plaintiff applied for SSDI and SSI benefits on July 2, 2013, and October 7, 2013, respectively. R&R at 30. In both applications, Plaintiff alleged that she was disabled as of May 17, 2013, as a result of her thyroid condition, stage zero breast cancer, lower back pain, and "diffuse dis[c]s." *Id*. The Social Security Administration ("SSA") denied her application on October 8, 2013. *Id*. After timely requesting a hearing, Plaintiff appeared before an

Administrative Law Judge ("ALJ") on April 30, 2015. *Id*. On June 3, 2015, the ALJ confirmed the denial of benefits. *Id*. at 35. Plaintiff appealed the ALJ's decision, and on August 31, 2016, the SSA's Appeals Council denied Plaintiff's request for review. *Id*. Plaintiff filed the instant action *pro se* on October 31, 2016. Doc. 2. The Commissioner thereafter moved for judgment on the pleadings. Doc. 11.

On January 30, 2018, Judge Freeman issued an R&R, recommending that the Commissioner's motion be denied and that the matter be remanded to the Commissioner for proceedings consistent with her analysis. R&R at 68. She found that the matter should be remanded principally on the basis of the ALJ's failure to develop the record with respect to the potentially disabling side effects of the medications that Plaintiff was required to take in order to manage her hypothyroidism and to prevent breast cancer. *Id*. at 57, 60. Judge Freeman found that the ALJ's failure to fully develop the record necessarily eroded his determination of Plaintiff's residual functional capacity ("RFC") to work. *Id*. at 62. Judge Freeman further concluded that the ALJ's weighing of available opinion regarding Plaintiff's status post-mastectomy and hypothyroidism constituted legal error. *Id*. at 65–66.

Judge Freeman noted that objections, if any, would be due fourteen days from service of the R&R and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id*. at 20–21. Neither Plaintiff nor the Commissioner filed objections. They have therefore waived their right to object to the R&R. *See Dow Jones & Co. v. Real–Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

II. **Standard of Review**

2

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)). The district court may adopt those parts of the report and recommendation to which no party had timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III. <u>Conclusion</u>

The Court has carefully reviewed Judge Freeman's thorough and well-reasoned R&R and finds no error, clear or otherwise. Accordingly, the Court adopts the R&R in its entirety. The Commissioner's motion for judgment on the pleadings is therefore DENIED and the matter is REMANDED to the ALJ for further proceedings. The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa–Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997)).

The Clerk of Court is respectfully directed to terminate the motion, Doc. 11, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.

It is SO ORDERED.

Dated: February 27, 2018
New York, New York

_____
Edgardo Ramos, U.S.D.J.

3